■ In the Matter of JARROD REALTY CORP. et al., Petitioners, v IRVING KIRSCHENBAUM et al., Respondents. MARYNANCY CLARY, Intervenor-Respondent. 325 EAST 77TH STREET TENANTS ASSOCIATION et al., Respondents, v JARROD REALTY CORP. et al., Appellants, et al., Defendants. MARYNANCY CLARY, Intervenor-Respondent. — Cross motion to dismiss application for a writ of mandamus granted, and all other motions and cross motion denied, without costs and without disbursements. Concur — Sandler, Sullivan, Carro and Markewich, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The petitioners prepared an offering plan for the conversion of the premises at 325 East 77th Street to co-operative ownership, which plan was accepted for filing by the Attorney-General, and the plan was declared effective. Various of the tenants and a tenants' association in the building moved for a preliminary

injunction to enjoin the petitioners and individual defendants from taking any action to consummate the co-operative conversion. A temporary restraining order was granted, but thereafter the Judge at Special Term denied the motion for a preliminary injunction. The petitioners then arranged for the conveyance of title from the realty corporation to the co-operative organization pursuant to the terms of the offering plan, and purchase agreements for 13 individual apartments were closed, stock issued and leases signed. Some of those apartments were sold to parties not named in this action. No order had been entered as provided for in the Judge's opinion denying a preliminary injunction, which concluded with the words "settle order". On learning of the activity which had taken place prior to any order having been signed, the Judge at Special Term directed that there be a return to the original status prior to the closings. This would, of course, affect innocent third parties. The petitioners seek a stay of that directive. This court has dismissed the petition. I cannot agree. I believe that the matter should be remanded for reconsideration by the Judge at Special Term. Unless and until it is shown that he would have entered an order which in some way would have prevented the action that has been taken, it is unreasonable to require the restoration of the *status quo* ante. From his opinion on the original motion, there was no indication that he would have done anything differently. It is not unusual for parties to proceed expeditiously, and that in and of itself is not egregious.